OPINION.
Defendant-appellant Robert M. Smith has taken the instant appeal from his convictions for attempted theft and receiving stolen property. He advances on appeal two assignments of error, in which he contends that the trial court erred in imposing the maximum possible prison terms and ordering that the terms be served consecutively, without first making the findings required under R.C. Chapter 2929. We address these challenges together and find them to be well taken.
On May 6, 1997, the Hamilton County Grand Jury returned a three-count indictment charging the appellant with attempted theft of a motor vehicle, theft of a motor vehicle and receiving stolen property. On June 10, the appellant withdrew his previously entered not-guilty pleas and entered guilty pleas to the charges of attempted theft and receiving stolen property, in exchange for the state's dismissal of the theft charge. The trial court accepted the pleas and found the appellant guilty as charged, but deferred sentencing pending the completion of a presentence investigation and report.
On July 10, 1997, following a hearing, the trial court placed of record a preprinted worksheet captioned "FELONY SENTENCING FINDINGS." The felony-sentencing worksheet set forth the court's findings that the appellant had a "[p]rior delinquency [adjudication] or conviction" and had served a "[p]revious [prison] term."[1] T.d. 8.
Consideration of the felony-sentencing factors led the court to sentence the appellant to three years of community control, under conditions that included the completion of an alcohol-treatment program and three hundred hours of community service and the payment of restitution and court costs and fees. On July 14, 1997, the court entered judgment accordingly, but from this judgment of conviction, the appellant pursued no appeal.[2]
In January of 1998, the trial court, upon its determination that the appellant had impermissibly absconded from its jurisdiction, ordered the issuance of a warrant for the appellant's arrest. The appellant was arrested pursuant to the warrant on March 2, 1998.
The Chief Probation Officer of Hamilton County subsequently prepared and filed a report on the appellant's conduct while under community control. The report noted the appellant's adjudication as an absconder, reported that he had been cited for driving without a license and had been arrested for and charged with assault, and alleged that he had failed to take the necessary steps to satisfy the conditions of his community control.
Based upon the report and the evidence adduced at a hearing, the trial court found that the appellant had violated the conditions of his community control. The court did not then complete and place of record a new felony-sentencing worksheet, as it had when it had sentenced the appellant to community control. Instead, by entry dated March 26, 1998, the court "revoke[d]" the community-control sanction, imposed prison terms of one year for the charge of attempted theft and one and one-half years for the charge of receiving stolen property, and ordered that the prison terms be served consecutively. From this judgment, and by leave of this court, the appellant has appealed.
A trial court may sentence an offender for a felony to any of, or any combination of, the sanctions provided in R.C. 2929.14
to 2929.18. See R.C. 2929.13(A). The authorized sanctions include the prison terms provided under R.C. 2929.14 and the community-control sanction provided under R.C. 2929.15. A sentencing court has the discretion to determine the sanction or sanctions to be imposed for a felony. See R.C. 2929.12(A). However, the court's exercise of its discretion must "be guided by the overriding purposes of felony sentencing[, which] * * * are to protect the public from future crime by the offender and others and to punish the offender," see R.C. 2929.11(A), and by the felony-sentencing factors set forth in R.C. Chapter 2929.
In the proceedings below, the trial court found the appellant guilty of attempted theft of a motor vehicle, a fifth-degree felony, and receiving stolen property, a fourth-degree felony. When sentencing an offender for a fourth- or fifth-degree felony, a court must determine the applicability of the factors set forth in R.C. 2929.13(B)(1), which relate to the appropriateness of imprisonment, and must consider the factors set forth in R.C.2929.12(B) and (C), which reflect upon the "seriousness" of the offender's conduct, and the factors set forth in R.C. 2929.12(D) and (E), which elucidate the offender's likelihood of recidivism. The court then must impose a term of imprisonment if it finds applicable any one of the R.C. 2929.13(B)(1) imprisonment factors and if, upon consideration of the R.C. 2929.12 seriousness and recidivism factors, it finds that the offender is not amenable to community control and that imprisonment is consistent with the R.C. 2929.11 sentencing purposes and principles. See R.C.2929.13(B)(2)(a). Alternatively, the court must impose a community-control sanction if it finds the imprisonment factors inapplicable and if, upon consideration of the seriousness and recidivism factors, it finds a community-control sanction to be consistent with the sentencing purposes and principles. See R.C.2929.13(B)(2)(b).
The court below sentenced the appellant to community control in July of 1997, after recording upon its felony-sentencing worksheet its finding, relative to the appellant's likelihood of recidivism, that he had a "[p]rior delinquency [adjudication] or conviction" and its finding, relative to the appropriateness of imprisonment, that the appellant had "[served a p]revious [prison] term." Because the trial court found applicable the R.C.2929.13(B)(1)(g) imprisonment factor, yet imposed a community-control sanction, rather than a prison term, we may infer that consideration of the seriousness and recidivism factors led the court to conclude either that imprisonment would not be consistent with the sentencing purposes and principles or that the appellant was amenable to community control. See R.C.2929.13(B)(2)(a).
When, in March of 1998, the appellant was found to have violated the conditions of his community control, the trial court imposed upon the appellant the maximum authorized terms of imprisonment and ordered that the terms be served consecutively. R.C. 2929.15 permits a court, upon an offender's violation of the conditions of his community control, to "impose a prison term * * * pursuant to section 2929.14 of the Revised Code." R.C. 2929.14
authorizes a sentencing court to impose the maximum authorized prison terms and to order that the terms be served consecutively, but only if the court makes certain findings. Thus, the court may impose the maximum authorized sentence only upon a finding that the offender has "committed the worst form of the offense, * * * poses the greatest likelihood of committing future crimes," or satisfies the statutory definition of a "major drug offender" or a "repeat violent offender." See R.C. 2929.14(C). The court may also order that multiple prison terms be served consecutively, but only if the court finds:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender;" and "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public;" and either (a) that the offender committed the offenses while awaiting trial or sentencing, or while under a residential, nonresidential or financial sanction, see R.C. 2929.16 through 2929.18, or while under post-release control for a prior offense, or (b) that "[t]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct," or (c) that the offender's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
See R.C. 2929.14(E)(4).
R.C. 2929.19 operates to reinforce the R.C. 2929.14
requirement that the court's imposition of a prison term be predicated upon its making of specific findings. Thus, if a sentencing court imposes consecutive prison terms or a prison term that is the maximum allowable prison term for an offense, the court must "make * * * finding[s] that give its reasons * * * for imposing the consecutive sentences * * * [or] for imposing the maximum prison term." See R.C. 2929.19(B)(2)(c) and (B)(2)(d). Moreover, if a court imposes a prison term for a fourth- or fifth-degree felony, R.C. 2929.19 specifically requires that the court "make a finding that gives its reasons for selecting the sentence imposed" and that the court's reasons for imposing the prison term, as reflected in its finding, be "based upon the overriding purposes and principles of felony sentencing set forth in" R.C. 2929.11 and upon the applicable R.C. 2929.13(B)(1) imprisonment factors. See R.C. 2929.19(B)(2)(a).
An offender may challenge on appeal the imposition of a maximum prison term, the imposition of a prison term for a fourth- or fifth-degree felony without a finding of one of the R.C.2929.13(B)(1) imprisonment factors, or the imposition of any sentence that is "contrary to law." See R.C. 2953.08(A)(1)(b), (A)(2) and (A)(4). An appellate court may then increase, reduce, or otherwise modify" an appealable sentence or "vacate the sentence and remand the matter to the trial court for resentencing, if the court clearly and convincingly finds" that a prison term was imposed for a fourth- or fifth-degree felony without a finding of an imprisonment factor or "[t]hat the sentence is otherwise contrary to law." See R.C. 2953.08(G)(1)(b) and (G)(1)(d).
In July of 1997, when the trial court initially sentenced the appellant to community control, it recorded on its felony-sentencing worksheet the finding that the appellant had served a "[p]revious [prison] term." See R.C. 2929.13(B)(1)(g). Thus, the court must be said to have satisfied the R.C.2929.19(B)(2)(a) mandate to the extent that the statute required a finding of one of the R.C. 2929.13(B)(1) imprisonment factors. The record contains, however, no finding that would suggest that the court based its imposition of the prison terms upon the felony-sentencing purposes and principles set forth in R.C.2929.11. Therefore, the court failed, contrary to R.C.2929.19(B)(2)(a), to make a finding that would permit it to impose prison terms for the fourth- and fifth-degree felonies of which the appellant was convicted. Moreover, the court neglected to make the findings mandated by R.C. 2929.19 that would have permitted it to impose, pursuant to R.C. 2929.14(C), the maximum allowable prison term for each offense or to order, pursuant to R.C. 2929.14(E)(4), that the prison terms be served consecutively.
The trial court's failure to make the requisite findings may perhaps be explained with reference to its January 1998 entry holding the appellant to be an absconder. The entry reflects the trial court's perception that, following the appellant's "convictions" for attempted theft and receiving stolen property, the "imposition of sentence was suspended" and he "was placed on * * * probation for a period of three (3) years * * *." The entry's characterization of the appellant's status as a "probation[er]" suggests that the trial court had yet to appreciate the changes wrought by the new sentencing statutes. The statutes make no provision for the imposition, then suspension, of a prison term, pending the offender's satisfaction of the conditions of his community control. They instead offer the sanctions of imprisonment and community control as "mutually exclusive" alternatives. See State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported; see, also, R.C.2929.13(B)(2)(a) (requiring that a court, before imposing a prison term, find that the offender is not amenable to community control).
We hold that the trial court erred in sentencing the appellant for fourth- and fifth-degree felonies to the maximum possible prison terms and in ordering that the terms be served consecutively, without first making the findings required under R.C. Chapter 2929. We, therefore, sustain the appellant's two assignments of error, reverse the judgment of conviction to the extent that it imposes sentences of imprisonment in contravention of R.C. Chapter 2929, and remand this cause to the trial court for further proceedings consistent with law and this Opinion. In all other respects, we affirm the judgment of the trial court.
Judgment affirmed in part and reversed in part, and causeremanded.
 Doan, P.J., and Hildebrandt, J., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The trial court also recorded the appellant's gender and race on the worksheet, in a blank space reserved for "COMMENTS" relevant to the appellant's likelihood of recidivism. R.C.2929.11(C) expressly forbids the consideration of race or gender in sentencing. We have held, however, that such a notation will not provide a basis for reversal, when, as here, the record does not demonstrate that the appellant's race or gender played a role in the sentence upon which the trial court ultimately settled. See State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported; accord State v. Kershaw (Feb. 5, 1999), Hamilton App. No. C-980164, unreported.
[2] The felony-sentencing worksheet shows the community-control sanction to have been imposed only for the offense of receiving stolen property. However, the July 1997 judgment of conviction may fairly be read to impose the community-control sanction for both offenses of which the appellant was found guilty.